UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. **10-23250-cv-Altonaga/Brown**

FABRICE LAZARRE,
    Plaintiff,
vs.
JPMORGAN CHASE BANK, N.A., and
EARLY WARNING SERVICES, LLC,
    Defendants.
_____/

# FIRST AMENDED COMPLAINT
### (Jury Demand)

## Introduction

1. This is an action for actual and statutory damages brought by an individual consumer for Defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*., (''FCRA'').

## Jurisdiction

2. This Court has jurisdiction according to 15 U.S.C. § 1681p, 28 U.S.C. §1331, and 15 U.S.C. § 1337(a).

## Venue

3. Venue in this District is proper, according to 28 U.S.C. §1391.

## Parties

4. Plaintiff **FABRICE LAZARRE** ("LAZARRE") is a natural person residing in Broward County, Florida.

5. LAZARRE is a "consumer" according to 15 U.S.C. § 1681a(c).

6. Defendant **EARLY WARNING SERVICES, LLC** ("EARLY WARNING") is a business entity that regularly conducts business in Miami-Dade County, Florida, and has a principal place of business located in Scottsdale, Arizona.

7. EARLY WARNING is a "consumer reporting agency" according to 15 U.S.C. § 1681a(f).

8. EARLY WARNING is regularly engaged in the business of assembling, evaluating and distributing information concerning consumers for the purpose of furnishing "consumer reports" to third parties, according 15 U.S.C. § 1681a(d).

9. EARLY WARNING provides such consumer reports to third parties in exchange for money.

10. Defendant **JPMORGAN CHASE BANK, N.A.** ("CHASE") is a business entity that regularly conducts business in Miami-Dade County, Florida, and has a principal place of business located in Columbus, Ohio.

11. CHASE regularly and in the course of its business provides information to consumer reporting agencies about its transactions or experiences with consumers.

12. CHASE is a "furnisher" according to 15 U.S.C. § 1681s-2.

**Facts**

13. Someone opened a fraudulent account at Washington Mutual Bank

("WaMu") sometime in 2007 using LAZARRE's identity and purportedly engaged in a fraudulent transaction with WaMu.

14.  Subsequently, CHASE acquired Washington Mutual.

15.  LAZARRE had a longstanding bank account at Wachovia Bank ("Wachovia").

16.  On or about October 2009, following an inadvertent overdraft, Wachovia placed a "financial hold" on LAZARRE's account based on a consumer report provided to Wachovia by EARLY WARNING.

17.  Particularly, EARLY WARNING reported to Wachovia information furnished to it by CHASE that LAZARRE had been: "Transacting or attempting to transact, with a check in a fraudulent manner, including but not limited to the passing or depositing of forged, altered, closed account, stolen, counterfeit check or non-negotiable item; the kiting of checks, drawing against insufficient or uncollected funds, empty envelope ATM deposits, or keying errors."

18.  On or about October 2009, LAZARRE notified CHASE that it was incorrectly reporting the fraudulent account or transaction that did not belong to him to EARLY WARNING.

19.  On or about October 2009, LAZARRE notified EARLY WARNING that it was incorrectly reporting the fraudulent account or transaction that did not belong to him on its consumer reports.

20. On or about November 2009, EARLY WARNING contacted CHASE with respect to LAZARRE's dispute regarding the fraudulent CHASE account.

21. On 17 November 2009, EARLY WARNING communicated to LAZARRE that CHASE determined that LAZARRE had not been a victim of identity theft, so that the account it his consumer report was not fraudulent.

22. On or about November 2009, LAZARRE notified EARLY WARNING that it was incorrectly reporting the fraudulent account or transaction that did not belong to him on its consumer reports.

23. On or about December 2009, LAZARRE notified EARLY WARNING that it was incorrectly reporting the fraudulent account or transaction that did not belong to him on its consumer reports.

24. On 6 January 2010, EARLY WARNING again informed LAZARRE that its investigation confirmed that the information in his consumer report was correct.

25. On or about January 2010, LAZARRE notified EARLY WARNING that it was incorrectly reporting the fraudulent account or transaction that did not belong to him on its consumer reports.

26. On or about March 2010, LAZARRE again notified CHASE that it was incorrectly reporting the fraudulent account or transaction that did not belong to him to EARLY WARNING.

27. In March 2010, LAZARRE again disputed the fraudulent entry in his consumer report to EARLY WARNING, providing proof that the information in the consumer report did not belong to him, for example, his purported address was wrong.

28. On 30 March 2010, EARLY WARNING again communicated to LAZARRE that its investigation confirmed the information in its consumer report was correct.

29. On 25 May 2010, LAZARRE again disputed the fraudulent entry in his consumer report to EARLY WARNING, providing proof that that the information in the consumer report did not belong to him, for example, copies of his driver's license to show the incorrect address in the consumer report, and requested an explanation of EARLY WARNING's reinvestigation procedures.

30. On 2 June 2010, EARLY WARNING communicated to "Ms" LAZARRE how it conducted its reinvestigations, confirming that it involved its "Furnisher", *i.e.*, CHASE, in its reinvestigations, and that the furnisher determined the accuracy of the information.

31. In June 2010, LAZARRE again disputed the fraudulent entry in his consumer report to EARLY WARNING, providing proof that that the information in the consumer report did not belong to him.

32. At all relevant times, CHASE reported the incorrect information about LAZARRE's fraudulent account to EARLY WARNING.

33. At all releavant times, EARLY WARNING reported the incorrect information about LAZARRE's fraudulent account to users of its credit reports.

34. As a result of the reporting of the credit accounts information in the consumer reports, LAZARRE has suffered damage by loss of credit, loss of ability to purchase and benefit from credit, diminished credit reputation, decreased credit score, monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including, but not limited to, local or long distance telephone calls, postage, faxing and other related actual and opportunity costs.

35. Specifically, in June of 2010, based on an EARLY WARNING report, Region's Bank closed an account LAZARRE had opened just a couple of weeks before.

36. As a result of the reporting of the credit information in the consumer reports, LAZARRE has suffered mental and emotional pain, humiliation and embarrassment.

## Count I
**[EARLY WARNING: Violation of 15 U.S.C. § 1681e(b)]**

37. LAZARRE realleges and incorporates here paragraphs 1 through 36.

38. EARLY WARNING violated 15 U.S.C. § 1681e(b) by failing to

establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit file it published and maintained about LAZARRE.

39. As a result of the conduct, actions and inactions of EARLY WARNING, LAZARRE has suffered and incurred damages.

40. The conduct, actions and inactions of EARLY WARNING was willful, rendering it liable for punitive damages in an amount to be determined by the Court, according to 15 U.S.C. § 1681n.

41. In the alternative, EARLY WARNING was negligent, entitling LAZARRE to recover damages according to 15 U.S.C. § 1681o.

42. LAZARRE is entitled to recover costs and attorney's fees from EARLY WARNING in an amount to be determined by the Court, according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## Count II

### [EARLY WARNING: Violation of 15 U.S.C. § 1681i(a)]

43. LAZARRE realleges and incorporates here paragraphs 1 through 36.

44. EARLY WARNING violated 15 U.S.C. § 1681i(a) by:

(i) failing to review and consider all relevant information submitted by LAZARRE concerning the dispute of the inaccurate information;

(ii) failing to delete inaccurate information in its file of LAZARRE after

receiving actual notice of such inaccuracy;

(iii) failing to provide all relevant information received from LAZARRE to the furnisher of the information;

(iv) failing to conduct a reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from LAZARRE;

(v) failing to delete the inaccurate information contained in its file of LAZARRE after reinvestigation;

(vi) failing to maintain reasonable procedures with which to filter and verify disputed information in its credit file of LAZARRE.

45. As a result of the conduct, actions and inactions of EARLY WARNING, LAZARRE has suffered and incurred damages.

46. The conduct, actions and inactions of EARLY WARNING was willful, rendering it liable for punitive damages in an amount to be determined by the Court, according to 15 U.S.C. § 1681n.

47. In the alternative, EARLY WARNING was negligent, entitling LAZARRE to recover damages according to 15 U.S.C. § 1681o.

48. LAZARRE is entitled to recover costs and attorney's fees from EARLY WARNING in an amount to be determined by the Court, according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

## Count III
## [CHASE: Violation of 15 U.S.C. § 1681s-2(b)]

49. LAZARRE realleges and incorporates here paragraphs 1 through 36.

50. CHASE violated 15 U.S.C. § 1681s-2(b) by:

(i) failing to fully and reasonably investigate the dispute by LAZARRE of the negative information in the consumer reports;

(ii) failing to review all relevant information regarding LAZARRE in the consumer reports;

(iii) failing to correctly report the results to the consumer reporting agencies of what an accurate investigation of LAZARRE would have revealed;

(iv) publishing the negative information about LAZARRE to the credit reporting agencies without also including a notation that the debt was disputed;

(v) failing to conduct an investigation of the inaccurate information that LAZARRE disputed;

(vi) failing to review all relevant information it received concerning its account of LAZARRE;

(vii) failing to report the results of its investigations about LAZARRE to the relevant consumer reporting agencies;

(viii) failing to report the inaccurate status of the inaccurate information about LAZARRE to all consumer reporting agencies;

(ix) failing to properly participate, investigate and comply with the reinvestigations that were conducted by any and all consumer reporting agencies concerning the inaccurate information disputed by LAZARRE;

(x) failing to provide to the relevant consumer reporting agencies with the factual information and evidence that LAZARRE submitted to it, and which proved that the information concerning LAZARRE was inaccurate;

(xi) continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning LAZARRE to consumer reporting agencies.

51. As a result of the conduct, action and inaction of CHASE, LAZARRE has suffered and incurred damages.

52. The conduct, actions and inactions of CHASE was willful, rendering it liable for punitive damages in an amount to be determined by the Court, according to 15 U.S.C. § 1681n.

53. In the alternative, CHASE was negligent, entitling LAZARRE to recover damages according to 15 U.S.C. § 1681o.

54. LAZARRE is entitled to recover costs and attorney's fees from CHASE in an amount to be determined by the Court, according to 15 U.S.C. § 1681n and 15 U.S.C. § 1681o.

**Relief Sought**

WHEREFORE, LAZARRE demands judgment against Defendants for:

(i) actual, statutory and punitive damages;

(ii) attorney's fees and costs;

(iii) pre-judgment and post-judgment interest;

(iv) any other relief this Honorable Court deems just and proper.

## JURY TRIAL DEMAND

55.  Plaintiff demands trial by jury.

## Certificate of Service

I hereby certify that on 6 January 2011 I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ Leo Bueno<br>Leo Bueno, Fla. Bar #: 716261

## Service List

Jose A. Ortiz, Esq.
HERRON JACOBS ORTIZ
1401 Brickell Avenue
Suite 840
Miami, Florida 33131
305-779-8100: 305-779-8104 [fax]
*Attorney for Defendant JPMorgan Chase Bank, N.A.*
*Via CM/ECF*

Linda M. Reck, Esq.
GREENBERG TRAURIG, P.A.

401 East Las Olas Blvd., Suite 2000
Fort Lauderdale, FL 33301
954-765-0500; 954-765-1477 [fax]
*Attorney for Defendant Early Warning Services, LLC*
*Via CM/ECF*

U:\CLIENTS\Lazarre, Fabrice 0242\0242-Lazarre-FCRA-complaint.doc